OPINION
Defendant Robert Lee Campbell appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of theft in violation of R.C. 2913.02, a felony of the fifth degree because the value of the property exceeded five hundred dollars. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN RETRYING THE APPELLANT AS THE STATE'S PROSECUTION OCCURRED IN VIOLATION OF THE APPELLANT'S RIGHTS TO A SPEEDY TRIAL, GUARANTEE AGAINST DOUBLE JEOPARDY.[SIC]
SECOND ASSIGNMENT OF ERROR
 THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
THIRD ASSIGNMENT OF ERROR
 OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
At trial, the State presented evidence on October 14, 1998, at approximately 8:45 a.m., appellant entered Dumont's Sporting Goods store in Canton, Stark County, Ohio. Dumont's was to open at 9:00 a.m., but the manager had already arrived to prepare for the day. The manager greeted appellant and asked if he needed any assistance, whereupon appellant replied he was just browsing. The manager walked back to his office, but heard the door buzzer, which indicated the door had opened. The manager observed the appellant running past the front store window. As the manager looked around the store to see if any items were missing, an employee from a neighboring store, MaryAnn Donuts, came over to Dumont's to inform the manager she had seen a man running from the store carrying several coats on hangers. She observed a silver Cadillac pick up the man and drive away. Dumont's manager confirmed some jackets were missing. Upon receiving a description of the Cadillac, and license plate number, Canton City Police officers located a car which fit the description. The officers observed several persons in the vicinity of the vehicle. These persons entered a house. The police found the stolen coats in a car parked next to the silver Cadillac. Appellant was taken to Dumont's Sporting Goods, where the manager identified appellant as being the man who entered the store earlier in the day. Appellant was indicted in 1998, tried, and convicted. Appellant appealed his conviction, and in State v. Campbell (October 4, 1999), Stark Appellate No. 1999CA00041, unreported, this court reversed appellant's conviction, and remanded the case to the trial court. Upon remand, appellant moved to dismiss the case on double jeopardy and collateral estoppel grounds.
Appellant argued he had been incarcerated from October 14 1998, through re-trial on December 7, 1999, without any break in incarceration. RC2929.14 establishes a one year maximum penalty for conviction of a felony of the fifth degree. Appellant argued to the trial court, and to us that he was incarcerated for a period exceeding the maximum penalty allowable by law for this offense prior to the second trial, and for this reason, the trial court should have dismissed the action against him on double jeopardy and speedy trial grounds. As the State points out, the statutory provisions governing speedy trials in criminal cases do not apply to re-trials. Instead, the federal and state constitutional provisions governing speedy trial apply, and require a reviewing court to determine whether the length of time was reasonable under the circumstances. In Barker v. Wingo (1972), 407 U.S. 514, the United States Supreme Court set forth some of the factors courts should consider in determining the reasonableness of the delay. The factors include the length of the delay, the reason, whether the defendant asserted his speedy trial rights, and any prejudice to the defendant caused by the delay. This court reversed appellant's conviction on October 4, 1999, and appellant was retried on December 2, 1999. Appellant had raised ineffective assistance of counsel in his first appeal, and the trial court appointed new counsel for the second trial. We find under the circumstances, a two month delay in bringing the appellant to re-trial is not unreasonable. Regarding the double jeopardy claim, in United States v. Scott (1978),437 U.S. 82, the United States Supreme Court held a successful appeal of a conviction precludes a subsequent plea of double jeopardy. Ohio has adopted this rule, see State v. Keenan (1998), 81 Ohio St.3d 133 . Finally, the trial court found appellant's claim he had already served the maximum time possible for the charged offense was not a valid argument because appellant was also serving a separate, longer sentence, for a different conviction which required his continued incarceration. We agree. The first assignment of error is overruled.
 II
Appellant argues the State failed to prove the value of the items stolen in support of elevating the theft offense from a first degree misdemeanor to a fifth degree felony. At trial, the State alleged appellant had stolen five jackets with a retail value of $144.95 each, for a total retail value of $724.75. Appellant argues because the wholesale cost of the jackets to Dumont's Sporting Goods was $88 each, the total value of the items stolen was only $440, less than the statutory amount which constitutes a felony offense. The State cites RC2913.61, which provides inter alia, that the price at which property is held for sale is prima facie evidence of its value. In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court described the difference between sufficiency and weight of the evidence. Sufficiency refers to the legal standard which the court applies to determine whether the evidence is legally sufficient to submit the matter to a jury. Weight of the evidence, on the other hand, refers to the standard with which the trier of fact determines where the greater amount of credible evidence lies on one side of an issue rather than the other. In determining issues concerning the weight of the evidence, the reviewing court must consider the entire record to determine whether the jury clearly lost its way and created such a manifest miscarriage of justice the conviction must be reversed, Thompkins at 387, citing State v. Martin (1983),20 Ohio App.3d 172 . We have reviewed the record, and we find there was sufficient competent credible evidence which, construed in a light most favorable to the prosecution, was sufficient for any rational finder of fact to conclude beyond a reasonable doubt that the total value of the stolen property was more than $500. The second assignment of error is overruled.
 III
Appellant cites us to Anders v. California (1967), 386 U.S. 738, and invites us to review the record for other errors which were committed at trial but not raised in this appeal. We have reviewed the record, and we find no error warranting reversal of appellant's conviction and sentence. Accordingly, the third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Hoffman, J., and Reader, V. J., concur